UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASSIE SAMS, as Personal Representative of the
Estate of Tony Myrick, Deceased,

        Plaintiff,

v.                                      Case no. 8:06-CV-862-T-24MAP

PRISON HEALTH SERVICES, INC. *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, the personal representative of her son's estate, filed this civil rights and wrongful death action alleging Defendants denied medical treatment to her son while he was an inmate at the Manatee County Jail Facility in violation of his Constitutional rights. At this juncture, some of the Defendants have filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) asserting Count I of the second amended complaint fails to state a cause of action for which relief can be granted (docs. 110, 111, 128-141). For the reasons set forth below, I find Plaintiff properly states a claim for violation of civil rights pursuant to 42 U.S.C. § 1983 against the County, PHS, Holliman, Keldie, Kennedy Ingles, Griggs, Adams, Addley, Barco, Benham, Dietrich, Huffman, Loranger, Steele, and Teed.[1]

    *A. Standard of review*

When considering a Rule 12(b)(6) motion to dismiss, a court views the complaint in the light most favorable to the plaintiff taking its factual allegations as true and accepting all reasonable inferences therefrom. *See Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 n.12 (11th Cir.

___

[1] United States District Judge Susan C. Bucklew referred the motions to dismiss to me for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b). *See* doc. 153.

2005). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which is an exceedingly low threshold, the complaint should not be dismissed. *United States v. Baxter Intern., Inc.,* 345 F.3d 866, 880-881 (11th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). While assessing the complaint, Rule 8's liberal notice requirements should be observed: "a short and plain statement of the claim showing the pleader is entitled to relief." *Baxter Intern., supra,* at 880-881.

   *B. Background*

Prison Health Services, Inc. ("PHS"), pursuant to an agreement with Manatee County, provides medical care to pretrial detainees housed at the Manatee County Jail Facility ("jail facility"). Defendants Holliman, Keldie, Kennedy, Ingles, Griggs, and Adams (collectively the "PHS Administrators") are PHS administrators having oversight responsibility for its jail facility operations and responsibility for the health, safety, well-being, supervision and care of and medical services to pretrial detainees. (doc. 109, ¶¶ 8, 20). Defendants Adams, Addley, Barco, Benham, Dietrich, Huffman, Loranger, Steele and Teed (collectively the "PHS Providers") are PHS employees serving as health care professionals responsible for providing health care services at the jail facility.

From May 3, until his death on May 7, 2004, the decedent, Tony Myrick ("Myrick"), was confined at the Manatee County Jail Facility ("jail facility") as a pretrial detainee awaiting arraignment on a misdemeanor criminal charge. Following intake into the facility, Myrick began exhibiting signs of a serious psychiatric condition and epileptic seizures, including the inability to speak or move for hours at a time. On May 5, Myrick was transferred to the facility's infirmary. By then the Defendants were aware that he was suffering from an emergent epileptic

seizure condition and needed anticonvulsant medications and a transfer to an emergency facility. However, Defendants kept Myrick at the jail facility's infirmary until he expired, even though he experienced seizures every 30 to 40 minutes and had not eaten or taken fluids in the two days prior to his death. The issue to be resolved against PHS, the PHS Administrators, and the PHS Providers is whether Plaintiff's allegations sufficiently stated a Constitutional tort of deliberate indifference to Myrick's serious medical needs.

Plaintiff claims (in Count I) that the Defendants' conduct reflects a deliberate indifference to Myrick's serious medical needs and violated Myrick's clearly established and well-settled Constitutional rights protected by 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment. Plaintiff also purports that the County failed to enact or promulgate sufficient policies or procedures or employed a custom of violating its own policies and procedures, failed to properly equip, staff, hire, train, re-train, and supervise competent administrators, officers and health care providers, whose job it was to confine, segregate, supervise and care for, and failed to provide medical services to, pretrial detainees generally and Myrick specifically. At this juncture, Manatee County, PHS, and the individuals named as PHS Administrators and PHS Providers seek to dismiss Count I; none of the Defendants seek dismissal of the remaining count, Count II (wrongful death against the County).[2]

---

[2] The Second Amended Complaint also named Sheriff Charles Wells, Sheriff's Deputy Robert Sanchez, and correctional officers Deborah Perry and Glenna Goff f/k/a Glenna Proll as defendants and included wrongful death claims against them. The Court dismissed the claims against these Defendants without prejudice after Plaintiff failed to timely respond to their motions to dismiss. *See* doc. 146.

*C. Discussion*

*1. PHS Defendants*

This Court must determine whether the Plaintiff's allegations in Count I are sufficient to permit a jury to find that PHS's, the PHS Administrators', and PHS Providers' conduct amounted to a deliberate indifference to Myrick's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).[3] Plaintiff's factual allegations must do more than allege negligence, medical malpractice, accident or poor exercise of medical judgment in order to state a § 1983 claim. *Id.* at 104-107. Given Plaintiff's "exceedingly low threshold" at this stage, Plaintiff satisfies Rule 12(b)(6)'s requirements.

Plaintiff alleges that at the time of Myrick's booking into the jail facility, it was apparent to a casual observer and from review of the arresting officer's submitted documentation that he resided in an assisted living facility and suffered from mental and physical disabilities. Additionally, during the course of Myrick's medical intake interview with a PHS nurse, Myrick reported he suffered from epileptic seizures and was on a daily regimen of a prescribed anticonvulsant as a prophylactic measure. These facts were noted in Myrick's medical chart and communicated to the PHS Administrators and PHS Providers (doc. 109, ¶ 25). Plaintiff alleges that the PHS Providers assumed responsibility for the health, safety, well-being, supervision, and care of, and provision of medical services to, pretrial detainees generally, and Myrick specifically at the jail facility (doc. 109, ¶ 21). Plaintiff further alleges that the PHS Administrators knew of

---

[3] While *Estelle* involved a convicted prisoner, the Eleventh Circuit has ruled that a pretrial detainee's constitutional rights are denied by deliberate indifference to his serious medical needs just as deliberate indifference denies the rights of a convicted prisoner. *Anderson v. City of Atlanta*, 778 F.2d 678, 686-87 (11th Cir. 1985).

Myrick's life threatening condition prior to his death, the necessity that he be transferred to an emergency facility, and of the PHS Providers' failure to afford him even basic medical care. Despite their knowledge, however, Plaintiff allege the PHS Administrators supervised, directed and ratified the PHS Providers' actions, and failed to direct or initiate assistance or an emergency transfer (doc. 109, ¶¶ 32-33).

Courts have consistently held that the knowledge of the need for medical care and the intentional refusal to provide that care surpasses mere negligence and constitutes deliberate indifference. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) (citations omitted). Deliberate indifference to a serious medical need exists when prison officials prevent an inmate from receiving recommended treatment or when they deny access to medical personnel capable of evaluating the inmate's need for treatment. In *Ancata*, the plaintiff alleged that the defendants knew that medical care was necessary but refused to provide it. Specifically, the defendants knew that Ancata required a psychiatric or orthopedic evaluation but refused to take steps to seek a court order to obtain such consultations, and instead provided medical treatment that was "so cursory as to amount to no treatment at all."

Looking at the Plaintiff's second amended complaint, I find the allegations sufficiently state a constitutional claim that PHS, PHS Administrators, and PHS Providers were deliberately indifferent to Myrick's serious medical needs. As the Eleventh Circuit noted in *Ancata*, when the allegations indicate this type of indifference, dismissal prior to discovery is premature. Further, despite Defendants' arguments, the Plaintiff's lumping together categories of Defendants in her allegations is permissible under Rules 8(a) and 12(b)(6). *Ancata*, *supra*, at 704-04. *See also Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (stating that where the complaint alleges claims

against multiple defendants in a single count that the allegations can and should be read in such a way that each defendant is having the allegation made about him personally).

### 2. *Manatee County*

To prevail on a claim under § 1983 against Manatee County, the Plaintiff must demonstrate both 1) that the County deprived Myrick of a right secured under the Constitution or federal law and 2) that such a deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). A plaintiff must establish "an affirmative connection between the official's acts or omissions and the alleged constitutional violation." *Swint v. City of Wadley*, 51 F.3d 988, 999 (11th Cir. 1995).

According to Plaintiff's second amended complaint the County delegated its authority and responsibility for the jail facility's operation to Sheriff, including the authority to establish customs, policies, and procedures to regulate the conduct of persons working at the jail facility. Plaintiff alleges that prior to Myrick's death the County had been informed of problems in the delivery of medical care to pretrial detainees, including low staffing levels, a lack of basic medical supplies and working equipment, treatment by unqualified personnel, delays in treatment and transfers to outside facilities including emergency facilities (doc. 109, ¶ 23). Plaintiff further alleges that the Sheriff and others working for the Sheriff pursuant to established customs, policies and procedures, failed to provide Myrick with necessary medication, failed to monitor his condition, failed to direct that he be provided assistance, and failed to initiate or direct initiation of an emergency response, resulting in his death (doc. 109, ¶¶ 16, 30).

Although the County asserts that the Plaintiff cannot rely on theories of vicarious liability or respondeat superior in establishing liability against it (doc. 110, p. 5), Plaintiff alleges liability

based on the County's own policies and how these policies affected the healthcare that Myrick received or did not receive, actions not based on respondeat superior or vicarious liability. Drawing inferences in the light most favorable to Plaintiff, it can be inferred from the second amended complaint that the County had notice of the problems with delivery of medical care to pretrial detainees such as Myrick and that these problems, at least from Plaintiff's perspective, contributed to Myrick's death.  Based on these inferences and because this litigation is in its formative stage, I find Plaintiff's allegations in Count I sufficient to state a claim against the County under § 1983. *See Ancata, supra,* at 705 citing *Wilson v. Taylor,* 733 F.2d 1539, 1545 (11th Cir. 1984) (finding county's duty to provide medical care to incarcerated individuals not absolved by contracting with an entity such as PHS; county itself remains liable for any constitutional deprivations caused by policies or customs of PHS).[4]

*D. Conclusion*

For the reasons set forth above, I find   Accordingly, it is hereby

RECOMMENDED:

1. That Defendants' motions to dismiss Plaintiff's second amended complaint (docs. 110-111, 128-141) be DENIED.

IT IS SO REPORTED at Tampa, Florida, on February 22, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[4] The County's motion to dismiss, while not specifically stating so, is directed just to Count I of the second amended complaint. It addresses only the § 1983 claim (and does not address the Count II wrongful death action against it). Accordingly, I address solely the allegations raised against the County in Count I in this report and recommendation.

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).


Copies furnished to:
Hon. Susan C. Bucklew
Counsel of Record